IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ELROY D. JONES,                    §
TDCJ-CID NO.559409,                §
          Petitioner,              §
v.                                 §     CIVIL ACTION NO. H-09-2773
                                   §
RICK THALER,[1]                    §
          Respondent.              §

                    MEMORANDUM AND ORDER ON DISMISSAL

     Petitioner Elroy D. Jones, an inmate incarcerated in the Texas
Department of Criminal Justice – Correctional Institutions Division
("TDCJ-CID"), has filed a petition for a writ of habeas corpus
under 28 U.S.C. § 2254 challenging a disciplinary proceeding at the
Ellis I Unit of TDCJ-CID that resulted in the loss of one day of
good time credit, commissary restriction, cell restriction, and a
reduction in class line status.   (Docket Entry No.1).   Petitioner
contends he was denied due process of law because the evidence was
insufficient to support the conviction, and he was wrongfully
accused.   (Docket Entries No.1, No.2).

                              DISCUSSION

     Prisoners charged with rule infractions are entitled to
certain due process rights under the Fourteenth Amendment when
disciplinary action may result in a sanction that impinges upon a
liberty interest.   Hudson v. Johnson, 242 F.3d 534, 535-36 (5th

_____

1 Rick Thaler has replaced Nathaniel Quarterman as the Director of the Texas
Department of Justice-Correctional Institutions Division.   Accordingly, Thaler
is automatically substituted as a party.   FED. R. CIV. P. 25(d)(1).

Cir. 2001).  Among those rights is the requirement that there be
"'some evidence to support the findings made in the disciplinary
hearing.'"  Id. at 536 (quoting Superintendent, Mass. Correctional
Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985)).  In Texas,
however, only sanctions that result in the loss of good time
credits for inmates who are eligible for release on mandatory
supervision or that otherwise directly and adversely affect release
on mandatory supervision will impose upon a liberty interest.
Malchi v. Thaler, 211 F.3d 953, 957-58 (5th Cir. 2000); Madison v.
Parker, 104 F.3d 765, 768 (5th Cir. 1997); Orellana v. Kyle, 65
F.3d 29, 31-33 (5th Cir. 1995).

Petitioner indicates that he is not eligible for mandatory
supervision and he lost only one day of good conduct credit as a
result of the disciplinary conviction.  (Docket Entry No.1).  The
changes in petitioner's confinement from the disciplinary
conviction, i.e., the loss of commissary privileges, cell
restriction, and reduction in class line status, do not impinge
upon a liberty interest and therefore, do not implicate the Due
Process Clause.  See Malchi, 211 F.3d at 959 (right to particular
time-earning status); Madison, 104 F.3d at 768 (loss of commissary
privileges and cell restriction); Luken v. Scott, 71 F.3d 192, 193
(5th Cir. 1996) (loss of opportunity to earn good time credits).
Because none of the disciplinary sanctions imposed in this case
deprive petitioner of a protected liberty interest, his claims do

2

not implicate due process concerns.

Federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief.  *See* 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.  Because petitioner's habeas petition does not present a cognizable basis for habeas relief, the Court will dismiss this habeas petition and deny all pending motions.

<u>CERTIFICATE OF APPEALABILITY</u>

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Id.</u>; <u>Beazley v. Johnson</u>, 242 F.3d 248, 263 (5th Cir. 2001.  A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000).  For the

reasons set forth in the Memorandum and Order on Dismissal, the Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right and that no reasonable jurist could debate the dismissal of the present action on substantive or procedural grounds; therefore, a certificate of appealability from this decision will be denied.

## CONCLUSION

Accordingly, the court ORDERS the following:

1.  Petitioner's application to proceed *in forma pauperis* (Docket Entry No.3) is GRANTED.

2.  Petitioner's application for writ of habeas corpus (Docket Entry No.1) is DENIED.

3.  This action is DISMISSED with prejudice for failure to state a claim.

4.  A certificate of appealability is DENIED.

5.  All pending motions, if any, are DENIED.

The Clerk will provide copies to the parties.

Signed at Houston, Texas, on _____ 30 _____, 2009.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

4